UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WALLACE JAMES BEAULIEU,

    Plaintiff,

v.

LUCINDA JESSON, DENNIS BENSON,
KEVIN MOSER, ELIZABETH BARBO,
KEVIN BROWNE, TRACY GEBHART,
SUSAN JOHNSON, SCOTT BENOIT,
TERRY KNIESEL, BLAKE CAREY,
JULIANNA BEAVONS, WILLIAM
GULLICKSON, SARA KULAS, JIM LIND,
MARK WILMES, ANN ZIMMERMAN,
LAURIE SEVERSON, RALPH SCHMIDT,
JAMIE JUNGERS, BETH VIRDEN,
THANE MURPHY, DIANA MAAGARD,
ROBERT ROSE, BRIAN NINNEMAN,
THOMAS LUNDQUIST, YVETTE
ANDERSON, TARA OSBORNE, KELLI
MINER, KENT JOHANNSEN, TERESA
KNEIS, JANE STINAR, JASON RENGO,
GREG SWENSON, COLLEEN FALLON,
JOHN DOE STAFF, and
JANE DOE STAFF,

    Defendants.

Civil No. 11-2755 (DWF/JSM)

**REPORT AND RECOMMENDATION**

    Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed as to nineteen of the named Defendants – Lucinda Jesson, Dennis Benson, Elizabeth Barbo, Tracy Gebhart, Scott Benoit, Sara Kulas, Mark Wilmes, Ann Zimmerman, Ralph Schmidt, Jamie Jungers, Thane Murphy, Diana Maagard, Robert Rose, Brian Ninneman, Thomas Lundquist, Tara Osborne, Kent Johannsen, Teresa Kneis, and

Jane Stinar.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights. To state an actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that each of the named defendants violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege

2

sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing <u>what that particular defendant allegedly</u> did, or failed to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights. As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." <u>Iqbal</u>, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has failed to plead an actionable § 1983 claim against Defendants Lucinda Jesson, Dennis Benson, Elizabeth Barbo, Tracy Gebhart, Scott Benoit, Sara Kulas, Mark Wilmes, Ann Zimmerman, Ralph Schmidt, Jamie Jungers, Thane Murphy, Diana Maagard, Robert Rose, Brian Ninneman, Thomas Lundquist, Tara Osborne, Kent Johannsen, Teresa Kneis, and Jane Stinar, because his complaint does not describe any specific acts or omissions by any of these nineteen named Defendants. Plaintiff has repeatedly alleged, in a vague and general fashion, that "Defendants" (apparently meaning all Defendants) have violated his federal constitutional rights under the Fifth and Fourteenth Amendments. (<u>See</u> <u>e.g.</u> Complaint, p. 12, ¶ 1.) Those allegations, however, are wholly conclusory. There are no allegations suggesting that any of the nineteen Defendants identified above played any role in any of specific incidents described in Plaintiff's complaint, much less what any of these Defendants did, or failed to do, that could be viewed as a violation of his federal constitutional rights. Indeed, none of these nineteen Defendants is even mentioned in any of the substantive allegations of Plaintiff's complaint.

Because Plaintiff has not identified any specific <u>personal</u> acts or omissions by any of the nineteen Defendants identified herein, he has failed to plead an actionable civil rights

3

claim against any of them.  The Court will therefore recommend that Plaintiff's claims against these nineteen Defendants be dismissed pursuant to § 1915(e)(2)(B)(ii).

In a separate order, the Court has granted Plaintiff's pending IFP application in this case.  Thus, at least for now, Plaintiff will be allowed to pursue his claims against the remaining Defendants named in his complaint, without prejudice to any defenses those Defendants may hereafter attempt to raise.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Plaintiff's claims against Defendants Lucinda Jesson, Dennis Benson, Elizabeth Barbo, Tracy Gebhart, Scott Benoit, Sara Kulas, Mark Wilmes, Ann Zimmerman, Ralph Schmidt, Jamie Jungers, Thane Murphy, Diana Maagard, Robert Rose, Brian Ninneman, Thomas Lundquist, Tara Osborne, Kent Johannsen, Teresa Kneis, and Jane Stinar, be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: December 30, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 17, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.