## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Wallace James Beaulieu, | Civil No. 11-2755 (DWF/JFD) |
| Plaintiff, | |
| v. | |
| Lucinda Jesson; Dennis Benson; Kevin Moser; Elizabeth Barbo; Kevin Browne; Tracy Gebhart; Susan Johnson; Scott Benoit; Terry Kniesel; Blake Carey; Julianna Beavons; William Gullickson; Sara Kulas; Jim Lund; Mark Wilmes; Ann Zimmerman; Laurie Severson; Ralph Schmidt; Jamie Jungers; Beth Virdin; Thane Murphy; Diana Maagard; Robert Rose; Brian Ninneman; Thomas Lundquist; Yvette Anderson; Kelli Miner; Kent Johannsen; Teresa Kneis; Jane Stinar; Jason Rengo; Greg Swenson; Colleen Fallon; John Doe Staff; Jane Doe Staff; and Tara Osborne, in their official and personal capacities, | **ORDER** |
| Defendants. | |

This matter is before the Court on review of the January 12, 2012 Objection (Doc. No. 5) of plaintiff Wallace James Beaulieu to the December 30, 2011 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron (Doc. No. 4) recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) of roughly half of the defendants named to this action. Beaulieu objects only to the dismissal of two of the defendants who were recommended for dismissal in the R&R: Lucinda Jesson, who was the Commissioner of the Department of Human Services at the time this action was filed;

and Dennis Benson, who is identified in the pleading as the "Chief Executive Officer of the Minnesota Sex Offender Program."  Compl. at 8 (Doc. No 1); Am. Compl. at 8 (Doc. No. 6-1).

The Court has conducted a *de novo* review of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  As a result of that review, this Court overrules the objection insofar as Beaulieu objects to the dismissal of Jesson but sustains the objection insofar as Beaulieu objects to the dismissal of Benson.  Accordingly, the R&R will be adopted in all respects other than the recommendation that Benson be dismissed.

An action or any part of an action may be dismissed when an *in forma pauperis* applicant such as Beaulieu has filed a complaint that fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This action concerns the policies and procedures relating to the issuance of Behavioral Expectations Reports at the Minnesota Sex Offender Program ("MSOP"). Put at its simplest, Beaulieu alleges that MSOP policies in place at the time he filed this action did not afford MSOP clients sufficient procedural protections, and he seeks both monetary relief and alleviation of the policies that he regards as unlawful.

In pleading this action, Beaulieu names 34 separate persons associated with MSOP as defendants, not including John and Jane Does whose identities were unknown to Beaulieu. The R&R recommends that 19 of those defendants — defendants Lucinda Jesson, Dennis Benson, Elizabeth Barbo, Tracy Gebhart, Scott Benoit, Sara Kulas, Mark Wilmes, Ann Zimmerman, Ralph Schmidt, Jamie Jungers, Thane Murphy, Diana Maagard, Robert Rose, Brian Ninneman, Thomas Lundquist, Tara Osborne, Kent Johannsen, Teresa Kneis, and Jane Stinar — be dismissed for failure to show that defendant's personal involvement in the alleged wrongdoing. Beaulieu objects only to the dismissal of Jesson and Benson. *See* Objection at 1-3 (Doc. No. 5).

The Court agrees with the R&R that Beaulieu has not pleaded sufficient factual allegations to establish Jesson's personal involvement in the events or policies at issue. The lone allegation regarding Jesson made in the pleading is that she "is the Commissioner of the Department of Human Services, and is responsible for oversight of the Minnesota Sex Offender Program." Am. Compl. at 8. But general supervisory responsibilities are insufficient to establish the personal responsibility needed for liability under 42 U.S.C. § 1983. *See, e.g.*, *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Accordingly, the R&R's recommendation that Jesson be dismissed from this action will be adopted.

The Court agrees with Beaulieu, however, that Benson's personal involvement is sufficiently alleged in the pleading to justify that the claims under § 1983 continue to go forward following review under § 1915(e)(2)(B).  Not *much* more is pleaded with respect to Benson than was pleaded with respect to Jesson, but Beaulieu does allege that Benson "is responsible for the overall decision-making and Policy decisions that pertain to the Minnesota Sex Offender Program and the Conditions complained of in this complaint." Am. Compl. at 8.  Additionally, the specific policy at issue appears to have been promulgated ultimately at the authority of Benson.  *See* Objection at 14.  The Court will therefore allow the claims under § 1983 against Benson go forward at this time.[1]

Finally, Beaulieu has filed a motion to amend the complaint (Doc. No. 6) and a proposed amended complaint (Doc. No. 6-1).  Beaulieu was permitted to amend his pleading once as a matter of course, with leave of the Court not necessary.  *See* Fed. R. Civ. P. 15(a)(1).  Nevertheless, to make clear that the proposed amended complaint is now the operative pleading in this matter, the Court will grant the motion to amend and direct the Clerk of Court to re-docket the proposed amended complaint as the amended complaint.  That said, the proposed amended complaint is substantively identical to the original complaint except insofar as it makes clear that each of the defendants is sued in

---

[1]     Benson, of course, is not precluded from seeking dismissal of this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

both their personal capacities and in their official capacities.  Accordingly, just as the

initial complaint did not state a claim on which relief could be granted against all but one

of the defendants recommended for dismissal in the R&R, so too does the amended

complaint fail to state a claim against these defendants.  Accordingly, those defendants

will be dismissed without prejudice pursuant to § 1915(e)(2)(B).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT

IS HEREBY ORDERED** that:

1.    The January 12, 2012 Objection of plaintiff Wallace James Beaulieu (Doc.

No. [5] is **OVERRULED IN PAR**T and **SUSTAINED IN PART.**

2.    The December 30, 2011 Report and Recommendation of Magistrate Judge

Janie S. Mayeron (Doc. No. [4]) is **ADOPTED IN PART** and **REJECTED IN PART,**

as follows:

    a.    The Report and Recommendation is **REJECTED** insofar as it

recommends dismissal of defendant Dennis Benson.

    b.    The Report and Recommendation is **ADOPTED** in all other

respects.

3.    Defendants Lucinda Jesson, Elizabeth Barbo, Tracy Gebhart, Scott Benoit,

Sara Kulas, Mark Wilmes, Ann Zimmerman, Ralph Schmidt, Jamie Jungers, Thane

Murphy, Diana Maagard, Robert Rose, Brian Ninneman, Thomas Lundquist, Tara

Osborne, Kent Johannsen, Teresa Kneis, and Jane Stinar are **DISMISSED WITHOUT

PREJUDICE** from this lawsuit.

4.      Beaulieu's motion to amend (Doc. No. [6]) is **GRANTED**.  The Clerk of Court is directed to re-docket the proposed amended complaint (Doc. No. [6-1]) as the amended complaint, which is now the operative pleading in this matter.

5.      Beaulieu must submit a properly completed Marshal Service Form (Form USM-285) for defendants Dennis Benson, Kevin Moser, Kevin Browne, Susan Johnson, Terry Kniesel, Blake Carey, Julianna Beavons, William Gullickson, Jim Lind, Laurie Severson, Beth Virden, Yvette Anderson, Kelli Miner, Jason Rengo, Greg Swenson, and Colleen Fallon.  If Beaulieu does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute.  Marshal Service Forms will be provided to Beaulieu by the Court.

6.      After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Dennis Benson, Kevin Moser, Kevin Browne, Susan Johnson, Terry Kniesel, Blake Carey, Julianna Beavons, William Gullickson, Jim Lind, Laurie Severson, Beth Virden, Yvette Anderson, Kelli Miner, Jason Rengo, Greg Swenson, and Colleen Fallon in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

7.      If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process.  Absent a showing of good cause, reimbursement of the costs of service is

mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form.  See Fed. R. Civ. P. 4(d)(2).

8.     The U.S. Marshals Service is directed to effect service of process on Dennis Benson, Kevin Moser, Kevin Browne, Susan Johnson, Terry Kniesel, Blake Carey, Julianna Beavons, William Gullickson, Jim Lind, Laurie Severson, Beth Virden, Yvette Anderson, Kelli Miner, Jason Rengo, Greg Swenson, and Colleen Fallon in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

Dated:  October 5, 2022               s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge