UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wallace James Beaulieu,       Civil No. 11-2755 (DWF/JFD)

    Plaintiff,

v.      **MEMORANDUM OPINION AND ORDER**

Dennis Benson, *in his individual capacity*;
Nancy Johnston[1], *in her official capacity*,
Kevin Moser, Kevin Browne, Susan
Johnson, Terry Kniesel, Blake Carey,
Julianna Beavons, William Gullickson,
Jim Lind, Laurie Severson, Beth Virden,
Yvette Anderson, Kelli Miner, Jason
Rengo, Greg Swenson, and Colleen
Fallon, *in their individual and official capacities*,

    Defendants.

## INTRODUCTION

This matter is before the Court on Defendants[2] motion to dismiss. (Doc. No. 48.) Plaintiff Wallace James Beaulieu opposes the motion. (Doc. No. 73.) For the reasons set forth below, the Court grants Defendants' motion to dismiss.

---

[1] Nancy Johnston has succeeded Dennis Benton as Chief Executive Officer of MSOP. Johnston has replaced Benson under Federal Rule of Civil Procedure 25(d) with respect to Beaulieu's claims against Benson in his official capacity.

[2] Motion Defendants include all Defendants in their official capacities, and the following Defendants in their individual capacities: Dennis Benson, Kevin Moser, Keven Browne, Susan Johnson, Terry Kniesel, Blake Carey, Julianna Beavons, William Gullickson, Laurie Severson, Beth Virden, Kelli Miner, and Jason Rengo. (Doc. No. 50 at 3 n.3.)

## BACKGROUND

Beaulieu is involuntarily committed to the Minnesota Sex Offender Program ("MSOP"). Beaulieu alleges that between September 2009 and July 2011, he received 26 Behavioral Expectation Reports ("BER"). (Doc. No. 30 ("Am. Compl.") ¶¶ 1-26.) He alleges that the BERs led to disciplinary action that deprived him of "exercise/recreation and access to the Facility," "access to any hot meals," and "access to fresh air." (*Id.*) He further alleges that on several occasions he was not given access to the Incident Reports that provided the bases for the BERs, he was not allowed to call witnesses or question those who wrote the reports, and he was frequently denied a hearing. (*Id.*) In addition, Beaulieu alleges that he was disciplined for "wasting energy or resources" after "making food offerings in accordance with his religious beliefs." (*Id.* ¶¶ 2-3.)

On September 26, 2011, Beaulieu brought this action against Defendants, in their individual and official capacities, seeking monetary damages, declaratory judgment, and injunctive relief. Beaulieu asserts that Defendants (1) violated his due process rights under the Fifth and Fourteenth Amendments; (2) violated the Confrontation Clause; and (3) violated the Free Exercise Clause of the First Amendment. The case was stayed pending the resolution of a related class action. (Doc. Nos. 8, 9, 10, 13, 17, 18.) After the Court lifted the stay in October 2022, Beaulieu filed an amended complaint. (Am.

Compl.) Defendants then filed a motion to dismiss.[3] (Doc. No. 48.) Beaulieu opposes the motion. (Doc. No. 73.)

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The pleading standard in Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[A] pro se complaint, even inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed if the plaintiff fails to allege sufficient facts to state a facially plausible claim to relief." *Rinehart v. Weitzell*, 964 F.3d 684, 687-88 (8th Cir. 2020) (internal quotations and citation omitted). While *pro se* complaints are to be construed liberally, "the complaint must still allege sufficient facts to support the claims advanced" and otherwise adhere to the pleading standard. *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741 (8th Cir.

---

[3]   Motion Defendants include all Defendants in their official capacities and all Defendants in their individual capacities except Jim Lind, Yvette Anderson, Greg Swenson, and Colleen Fallon. (Doc. No. 50 at 3 n.3.)

3

2019). A court is not required to "mine a [lengthy] complaint searching for nuggets that might refute obvious pleading deficiencies." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (internal quotations and citation omitted).

I.   **Claim Preclusion**

Defendants argue that Beaulieu's claims challenging the constitutionality of MSOP's grievance policy are precluded because the claims were litigated or could have been litigated in a prior case: *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL) ("*Karsjens*").

Claim preclusion applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (internal quotations and citation omitted). "[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate." *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Plough v. W. Des Moines Comm. Sch. Dist.*, 70 F.3d 512, 515 (8th Cir. 1995) (internal quotations and citation omitted).

The first three elements are not in dispute. *Karsjens* resulted in a final judgment on the merits. The Court dismissed the class members' claims by a final judgment. *Karsjens v. Harpstead*, No. 11-cv-3659, 2022 WL 542467 (D. Minn. 2022). The Eighth

Circuit subsequently affirmed. *Karsjens v. Harpstead*, 74 F.4th 561 (8th Cir. 2023). The suit was also based on proper jurisdiction. *Id.* at 565. Additionally, both suits involve the same parties or those in privity with them. Beaulieu was a class member in *Karsjens*, and Defendants Dennis Benson, Kevin Moser, and Nancy Johnston were named defendants. The remaining Defendants are in privity with the defendants from *Karsjens* as all are alleged Minnesota Department of Human Services officials "sued in connection with their alleged roles and responsibilities as representatives of MSOP." *Greene v. Benson*, No. 11-cv-979, 2023 WL 3815422, at *5 (D. Minn. June 5, 2023).

The parties dispute the final element: whether the suits are based upon the same claims or causes of action. In this case, Beaulieu's due process claims closely track claims brought in *Karsjens*. Beaulieu alleges that he was subjected to discipline that deprived him of protected liberty interests without adequate procedures. The plaintiffs in *Karsjens* similarly alleged that MSOP's grievance procedure violated their due process rights. (*Karsjens*, No. 11-cv-3659, Doc. No. 635 ("TAC") ¶¶ 269-283.) Like Beaulieu, the plaintiffs in *Karsjens* asserted that during BER hearings, they were "not allowed to present evidence, cross examine witnesses, or face their accusers." (*Id.* ¶ 131.) And the plaintiffs alleged that they were "not given copies of the incident reports or other evidence that [wa]s being used against them to impose disciplinary restrictions." (*Id.*)

Beaulieu further asserts that MSOP disciplinary action deprived him of "exercise/recreation and access to the Facility," "access to any hot meals," and "access to fresh air." (Am. Compl. ¶¶ 1-26.) In *Karsjens*, the plaintiffs similarly alleged that MSOP engaged in punitive practices such as "denying Plaintiffs' and Class members'

5

access to recreational activities and exercise," "restricting the time Plaintiffs and Class members are allowed access to the yard," and "allowing staff to punish Plaintiffs and Class members by locking them in their cell."  (TAC ¶ 138.)

Beaulieu argues that his due process claims involve a different nucleus of operative fact because the Court's analysis in *Karsjens* "d[id] not account for the reality that restrictions or punishments to the clients begin immediately and run on calendar days—not business days."  (Doc. No. 73 at 8.)  But Beaulieu's argument that certain facts may have been overlooked in *Karsjens* does not explain how the facts underlying his current claims are different than *Karsjens*.  They are not.  Beaulieu's due process claims are based on the same policies and procedures that were at issue in *Karsjens*.  Moreover, while Beaulieu contends that new claims have accrued since the *Karsjens* litigation, these claims are not before the Court.  The Court concludes that Beaulieu's due process claims are precluded and will therefore be dismissed.

Beaulieu also brings claims against Defendants for violations of the Free Exercise Clause.  Although Defendants did not argue that these claims were precluded, the Court may raise claim preclusion *sua sponte* "if [the] court is on notice that it has previously decided the issue presented."  *Arizona v. California*, 530 U.S. 392, 412 (2000) (internal quotations and citation omitted).  The Court similarly concludes that Beaulieu's Free Exercise claims are precluded by *Karsjens*, as these claims arise out of the same facts as *Karsjens* and could have been litigated in that prior case.

In *Karsjens*, the plaintiffs brought claims under the First Amendment, alleging that the defendants placed unreasonable restrictions on the plaintiffs' right to freedom of

6

religion.  (TAC ¶¶ 298-306.)  Specifically, the plaintiffs alleged that the defendants did not provide the plaintiffs with Kosher or Halal meals, prohibited them from wearing "yarmulkes, kufis, or religious medallions and pendants" outside of their cells, restricted their access to religious items, and denied them religious feasts.  (TAC ¶¶ 201-04.)  While Beaulieu's claim involves food offerings, which is different than the claims asserted in *Karsjens*, the claims could have been raised in the *Karsjens* action and rely on the same operative facts—namely, MSOP's policies limiting free exercise of religion.  Thus, these claims are precluded.

Beaulieu's remaining claim is an alleged violation of the Confrontation Clause.  Beaulieu asserts that MSOP's grievance policy and procedure denied him notice and an opportunity to be heard.  He specifically alleges that he was not given access to incident reports and was not able to call witnesses or question those who wrote the reports.  (Am. Compl. ¶¶ 1-26.)  He further alleges that in some instances he was punished without a hearing.  (*Id.*)  While this claim relies on a different legal theory than was asserted in *Karsjens*, it nevertheless is barred.  "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action."  *Plough*, 70 F.3d at 515 (emphasis added).  As noted above, the plaintiffs in *Karsjens* similarly asserted that during BER hearings, they were "not allowed to present evidence, cross examine witnesses, or face their accusers" and they were "not given copies of the incident reports or other evidence that [wa]s being used against them to impose disciplinary restrictions."  (TAC ¶ 131.)  Beaulieu's Confrontation Clause claim ultimately arises out of the same nucleus of operative fact as the claims asserted in

7

*Karsjens*. *See Armstrong v. Norwest Bank, Minneapolis, N.A.*, 964 F.2d 797, 802 (8th Cir. 1992) ("[W]here a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim.") (internal quotations and citation omitted). Beaulieu "has 'merely presented different legal claims which spring from the same set of facts' as *Karsjens*." *Jamison v. Ludeman*, No. 11-cv-2136, 2023 WL 2088302, at 2 (D. Minn. Feb. 17, 2023) (quoting *Biermann v. United States*, 67 F. Supp. 2d 1057, 1060 (E.D. Mo. 1999)). For this reason, the Court dismisses Beaulieu's Confrontation Clause claim.

**II.     Request to Amend**

Beaulieu requests the opportunity to amend his complaint. "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A motion to amend should comply with Local Rule 15.1 which requires "a copy of the proposed amended pleading." While "[t]he failure to file a formal motion to amend a complaint is not necessarily fatal[,] . . . parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim." *GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022) (internal quotations and citation omitted). Because Beaulieu has not adequately shown how his claims could "be amended to save the meritless claim[s]" and he has not complied with Local

8

Rule 15.1 or Rule 15(d) of the Federal Rules of Civil Procedure, the Court denies Beaulieu's request to amend.  The Court dismisses his claims with prejudice.

### ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss Beaulieu's complaint (Doc. No. [48]) is **GRANTED**.

2. Beaulieu's claims against all Defendants in their official and individual capacities are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINLY.**

Dated:  August 25, 2023              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge